UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREM REDDY, M.D., and individual,<br><br>    Plaintiff,<br><br>vs.<br><br>HARRY LIFSCHUTZ, M.D., an individual; PHYCOR, INC., a Tennessee corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. CV 00-8486 R (MCx)<br><br>[░░░░░░░] PRELIMINARY INJUNCTION<br><br>The Honorable Manuel L. Real<br><br>[Related to Case No. CV-99-1129R (MCx)] |
| PHYCOR, INC., a Tennessee corporation,<br><br>    Counter-claimant,<br><br>vs.<br><br>PREM REDDY, M.D., an individual; LEX REDDY, an individual; and ROES 1 through 10,<br><br>    Counter-defendants. | |

✓ Docketed
✓ Copies / NTC Sent
___ JS - 5 / JS - 6
△ JS - 2 / JS - 3
△ CLSD

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

On August 19, 2000, the Court issued a temporary restraining order and order to show cause against Plaintiffs and Counter-Defendants Prem Reddy and Lex Reddy in this action. This order to show cause came on for hearing on August 28, 2000. Appearances of counsel are noted in the Court's minutes. Upon reading the pleadings and papers on file in this action and the supporting and opposing Declarations and Memoranda of Points and Authorities, as well as considering the arguments of counsel, and it appearing to the satisfaction of this Court that there is good cause for granting a Preliminary Injunction, and it further appearing to the satisfaction of this Court that unless said Preliminary Injunction is granted as prayed for, Plaintiffs and Counter-Defendants Prem Reddy and Lex Reddy will continue to commit the acts set forth below unless restrained by this Court to the irreparable injury of PhyCor, Inc.

### PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED that Plaintiffs and Counter-Defendants Prem Reddy and Lex Reddy, and each of them, and their agents, employees, and representatives, and all persons acting at their direction or under, in concert, or combination with them, or for them, be enjoined and restrained from the following, with respect to any activities in San Bernardino County, California, Riverside County, California, San Diego County, California, and those portions of Los Angeles County, California east of the 57 Freeway:

1. Directly or indirectly interfering with, disrupting or attempting to disrupt efforts by PhyCor, Inc., or

its subsidiaries or affiliates, (including but not limited to PrimeCare International, Inc. ("PCI")) (collectively referred to as "PhyCor"), to sell the PrimeCare Medical Group of Desert Valley (the "Group"), or its assets, to physician members of the Group ("Physicians") or to any other entity or individual. (As used herein, "Assets" refers to any and all assets, tangible or intangible, relating to or concerning the practice, operations or existence of the Group.)

2. Directly or indirectly communicating with the Group, any of the Physicians, employees or representatives of the Group, relating to PhyCor, the Group, the Desert Valley Hospital (the "Hospital"), or any other person or entity concerning negotiations relating to, or the sale of, the Group, the Assets or the Hospital;

3. Directly or indirectly inducing, intimidating, coercing, persuading or attempting to cause the Group, Physicians or any other person or entity not to purchase the Assets of the Group or Hospital from PhyCor;

4. Directly or indirectly inducing, intimidating, coercing, persuading or attempting to cause the Group or Physicians to demand, insist or assert that PhyCor should agree to sell the Assets, the Group or the Hospital to Prem or Lex Reddy or to any other person or entity;

5. Directly or indirectly persuading, coercing, intimidating or otherwise attempting to persuade Physicians to leave the Group, to cease doing business with PhyCor, or otherwise interfering with or disrupting the relationship between PhyCor and the Group or Physicians;

   6. Directly or indirectly interfering with, disrupting or attempting to disrupt efforts by PhyCor to sell the Hospital;

   7. Acquiring any ownership interest, or seeking to acquire, any ownership interest (other than the ownership of less than five percent (5%) of the equity securities of a publicly traded company or of any publicly available debt of any company or entity) in any business which has significant activities relating to the ownership, management or operation of multi-specialty medical clinics, physician group practices, independent practice associations or other similar entities ("Business") including but not limited to the Group or the Hospital, without the express written consent of PhyCor;

   8. Directly or indirectly communicating with any person or entity doing business with PhyCor, PCI, the Group or the Hospital, or any of their officers, directors, agents, employees or representatives, concerning the sale of the Group, the Assets or the Hospital;

   9. Competing with PhyCor in the geographic area described above;

   10. Violating any of the terms or conditions of the Non-Competition Agreements between each of the Reddys respectively, and PhyCor, dated May 18, 1998, and attached to PhyCor's moving papers as Exhibits B and C;

   11. Entering into a business relationship with a Business as a consultant, director, advisor, or otherwise, and causing, inducing or participating with such Business in any act or conduct which, if committed by Prem Reddy or Lex Reddy, would

4

1 | constitute a violation of Sections 1 through 10, inclusive,
2 | above.
3 |     IT IS FURTHER ORDERED that this Preliminary Injunction
4 | shall become of full force and effect at the time that PhyCor
5 | posts a bond approved by the Clerk of this Court in the sum
6 | $ _100,000_ and that, until the earlier of the posting of
7 | the bond or _September 25, 2000_ 2000, the temporary restraining order
8 | issued by this Court on August 19, 2000 shall remain in full
9 | force and effect.
10 |    This Preliminary Injunction shall remain in full force
11 | and effect until the final judgment in this action or until
12 | further order of the Court, whichever occurs first.

ORDER

IT IS SO ORDERED.

Dated: _August 28, 2000_   By: _[signature]_
                              Manuel L. Real
                              JUDGE OF THE UNITED STATES
                              DISTRICT COURT

Presented by:

ALSCHULER GROSSMAN STEIN & KAHAN LLP

By: _[signature]_
    John A. Schwimmer
    Attorneys for Defendant and
    Counterclaimant PhyCor, Inc.

5

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is First Legal Support Services, 1511 W. Beverly Blvd., Los Angeles, CA 90026. On August 24, 2000, I served a true copy of the within documents:

[PROPOSED] PRELIMINARY INJUNCTION

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight service carrier,

[X] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth on the attached list.

Mark G. Krum, Esq.
Christensen, Miller, Fink, Jacobs,
Glaser, Weil & Shapiro, LLP
2121 Avenue of the Stars
Eighteenth Floor
Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 24, 2000.

_____
Signature

DAVID QUINTANA
_____
Print Name

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is First Legal Support Services, 1511 W. Beverly Blvd., Los Angeles, CA 90026. On August 24, 2000, I served a true copy of the within documents:

[PROPOSED] PRELIMINARY INJUNCTION

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight service carrier,

[X] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Mitchell B. Ludwig, Esq.
Knapp Petersen & Clarke
500 North Brand Boulevard
Suite 2000
Glendale, CA 91203

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 24, 2000.

_____
Signature

DAVID QUINTANA
_____
Print Name

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

Printed on recycled paper